IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARIEL DE LOS SANTOS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KING COUNTY,<br><br>　　　　Defendant. | NO.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** |

COMES NOW, Plaintiff, Dariel De Los Santos, by and through his attorneys, Conrad A. Reynoldson and Michael Terasaki of Washington Civil & Disability Advocate, for his Complaint for Declaratory and Injunctive Relief and Damages to state and allege as follows:

### I.  INTRODUCTION

1. The Americans with Disabilities Act and the Washington Law Against Discrimination require public entities to provide equal access to programs and services.

2. A county is a public entity within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1), and its implementing regulations, 28 C.F.R. §35.101 *et seq.*

Complaint for Declaratory and Injunctive Relief and Damages
Page 1 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

3.       Now more than 27 years after the passage of the Americans with Disabilities Act (the "ADA") in 1991, King County discriminates against individuals with disabilities by failing to make the Work and Education Release Program (the "WER Program") sufficiently accessible to people with mobility disabilities.

4.       Therefore, Plaintiff brings this action to end Defendant King County's unequal treatment of people with mobility disabilities in the WER Program.

## II.     PARTIES

5.       Plaintiff Dariel De Los Santos is a Washington resident and a current participant of the Work and Education Release Program through the King County Department of Adult and Juvenile Detention.  Plaintiff was sentenced to one-year in the WER Program by King County Superior Court.

6.       Plaintiff is unable to walk and requires a wheelchair to move from place to place.

7.       King County is a public entity that includes the Community Corrections Division of the Department of Adult and Juvenile Detentions under which the Work and Education Release program is run and managed.

## III.    JURISDICTION AND VENUE

8.       This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

9.       This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

Complaint for Declaratory and Injunctive Relief and Damages
Page 2 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

10. This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

11. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that give rise to the Plaintiff's Complaint for Declaratory and Injunctive Relief and Damages occur in this district.

### IV.  FACTUAL ALLEGATIONS

12. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability."

13. Based solely on his disability, Plaintiff is not permitted to as fully participate as other participants in the WER Program who have received the same or lesser sentences.

14. Based solely on his disability, Plaintiff is receiving harsher punishment than other participants who have received the same or lesser sentences.

15. The ADA prohibits public entities from providing separate or unequal benefits and services to individuals with disabilities.

16. The WER Program run and managed by King County is a service, program, or activity of King County.

17. Title II of the Americans with Disabilities Act ("ADA") prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability (42 U.S.C. § 12132) and the ADA unambiguously extends to jail and detention contexts. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998), *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir.2001), *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1214 (9th Cir. 2008) ("It is undisputed that Title II applies to... services, programs, and activities for detainees.").

Complaint for Declaratory and Injunctive Relief and Damages
**Page 3 of 18**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

18. Public entities like King County violate Title II of the ADA when a "qualified individual with a disability" is excluded from participation in or denied the benefits of a county's services, programs, or activities by reason of the individual's disability. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001); *Kral v. King Cty.*, No. C10-1360-MAT, 2012 WL 726901, at *9 (W.D. Wash. Mar. 6, 2012).

19. Plaintiff is limited in the major life activity of walking because he is unable to move his legs.

20. Plaintiff is thus undoubtedly a qualified individual with a disability under the ADA and WLAD, and King County may not exclude him from full participation in the WER Program. 28 C.F.R. § 35.130.

21. Because Plaintiff requires the use of a wheelchair, King County initially refused to accommodate him in the WER Program altogether, detaining him continuously in jail for seven weeks and providing as explanation only the vague assertion that Plaintiff's "medical necessity exceeds limits."

22. Only after Plaintiff's attorneys threatened to file immediate legal action did King County begrudgingly provided Plaintiff with the unequal substitute option of checking in and out of the King County Adult Detention Center every day.

**King County's Unequal Treatment of Plaintiff from November 2nd to December 21st**

23. Plaintiff was sentenced to 12 months work release on November 2, 2018 and anticipated immediate transfer from the King County Adult Detention Center to the facilities of the WER Program as typically occurs with every other new WER Program participant previously housed at the jail.

Complaint for Declaratory and Injunctive Relief and Damages
Page 4 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

24. The WER Program facility is located on the 10th floor of the Superior Court building and houses participants when not on release for work or education.

25. Upon sentencing, Plaintiff was provided with and promptly signed the "Conditions of Conduct for Persons SENTENCED by King County Superior Court into Work Education Release (WER)" and the "WER Participant Information Guidebook," informing Plaintiff he would be provided with access to work and school passes, access to clothing, storage, toiletries, and other items.

26. Plaintiff was already employed and planned to return to work as soon as possible and his employer was happy to have him return. Plaintiff was also enrolling in technical school for auto repair.

27. However, WER Program officials soon informed Plaintiff that his "medical necessity exceeds limits," without further explanation, and King County continued to confine Plaintiff in the detention center without release for work or education.

28. King County made no accommodations whatsoever for seven weeks.

29. During this time, the county refused to release Plaintiff for work or school and simply kept him confined to the jail.

30. Plaintiff missed seven weeks of work while confined to the detention center without release.

31. Plaintiff's attorneys initially raised the issue with the jail and the WER Program, but no accommodations were made.

32. Plaintiff was then forced to engage a second law firm specializing in disability rights discrimination, who similarly requested the WER Program make accommodations, but these initial requests were summarily ignored.

Complaint for Declaratory and Injunctive Relief and Damages
Page 5 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

**King County's Unequal Treatment of Plaintiff from December 21st to Present**

33. It was only when Plaintiff's attorneys threatened the King County Executive Board with legal action that Plaintiff was permitted to begin checking in and out of the detention center every day for work and school.

34. Since December 21, 2018 Plaintiff has been granted releases during the day for work and school, however, he remains housed at the King County Adult Detention Center and has not been transferred to the WER Program facilities as is typical for ambulatory participants.

35. While Plaintiff's ability to attend work and school is welcomed, King County continues to deny Plaintiff the full participation in and benefits of the WER Program, subjecting Plaintiff to unequal and significantly worse and harsher punishment than other WER Program participants.

36. Plaintiff must still spend his nights and weekends in a considerably more security intensive and restrictive jail environment than the WER Program facility.

37. Additional hardships Plaintiff has endured, that other WER Program participants are not subjected to, include: a lack of available clothing and access to laundry, an inability to obtain basic shaving materials, a prohibition of some school study materials in the detention center, scheduling and corrections officer mistakes and miscommunications resulting in Plaintiff arriving late for work and school and missing showers and meals.

38. While, thankfully, the King County has slowly permitted some of these benefits, these problems would never have occurred if the county had simply accommodated Plaintiff in the WER Program facilities as is required under the ADA.

39. The most glaring difference is that Plaintiff is subjected to increased scrutiny and security checks every time he leaves or enters the detention center.

Complaint for Declaratory and Injunctive Relief and Damages
Page 6 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

40. Jail personnel have expressed annoyance at the additional work this arrangement requires.

41. The unavoidable consequence of the Defendant's decision to check Plaintiff in and out of jail, instead of simply solving the WER Program accessibility issues, is that Plaintiff is subjected to unequal treatment and harsher punishment than normal WER Program participants.

42. Defendant's unequal treatment of Plaintiff violates the ADA, the WLAD, and Section 504 of the Rehabilitation Act of 1973.

43. As of the filing of this Complaint, Defendant has failed to provide sufficient accomodations, make necessary changes in policy, or renovate the WER Program facility to provide a substantially equal experience in the WER Program for wheelchair using parcipants.

## V. FIRST CAUSE OF ACTION
Title II of the Americans with Disabilities Act of 1990
42 U.S.C. § 12101 *et seq.*

44. Plaintiff incorporates by reference the foregoing paragraphs.

45. Defendant King County has not made the WER Program facility compliant as required by the ADA as the facility does not comply with the ADA's accessibility laws and regulations under the 1991 ADA Standards for Accessible Design (1991 Standards), the 2010 ADA Standards for Accessible Design (2010 Standards), or the Uniform Federal Accessibility Standards (UFAS).

46. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Complaint for Declaratory and Injunctive Relief and Damages
Page 7 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

47. At all times relevant to this action, Defendant King County was and is a "public entity" within the meaning of Title II of the ADA.

48. Defendant not only runs and manages the King County Adult Detention, but also runs and manages the WER Program.

49. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of Title II of the ADA and meets the essential eligibility requirements for the receipt of the services, programs, or activities of the WER Program. 42 U.S.C. § 12131.

50. Defendant is mandated to operate each service, program, or activity, including the WER Program, "so that, when viewed in its entirety, it is readily accessible to and useable by individuals with disabilities." 28 C.F.R. § 35.150; *see also* 28 C.F.R. § 35.149. This requirement applies to all programs, services, and activities that a public entity offers, whether or not they are carried out in facilities that have been constructed or altered since January 26, 1992.

51. The regulations implementing Title II of the ADA provide that a public entity must maintain the features of all facilities required to be accessible by the ADA. 28 C.F.R. § 35.133.

52. On information and belief, Defendant has constructed, altered, or repaired parts of the WER Program facilities within the meaning of the ADA Accessibility Guidelines ("ADAAG") and the UFAS since January 26, 1992, and Defendant has failed to make the WER Program facilities readily accessible to and usable by persons with disabilities as required under federal accessibility standards and guidelines.

53. On information and belief, since March 15, 2012, Defendant has constructed, altered, or repaired parts of the WER Program facilities within the meaning of the ADAAG and

Complaint for Declaratory and Injunctive Relief and Damages
Page 8 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

the UFAS, and Defendant has failed to make such facilities compliant with the ADAAG and the UFAS as updated in 2010, as required under 28 C.F.R. § 35.151(c)(5).

54. Defendant's failure to make the the WER Program housing area comply with the ADA's accessibility requirements excludes people with disabilities from equal program access and participation in the program.

55. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate the WER Program facilities. These failures have denied and continue to deny Plaintiff the full, equal, and meaningful access to the WER Program required by the ADA.

56. Because Defendant's discriminatory conduct presents a real and immediate threat of current and continuing future violations, declaratory and injunctive relief are appropriate remedies. Congress has authorized courts to issue "order[s] to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2).

57. Further, Plaintiff is entitled to compensatory monetary damages under Title II of the ADA if Plaintiff can prove intentional discrimination. Upon information and belief, Defendant has been aware of the ADA violations for months, if not years, and has failed to remedy these violations.

58. Plaintiff was detained with his wheelchair in the King County Adult Detention Center prior to issuance of his sentence and thus King County's actual knowledge of Plaintiff's wheelchair needs predates Plaintiff's eligibility for the WER Program.

59. Pursuant to 42 U.S.C. § 12133 and 12205, Plaintiff is entitled to declaratory and injunctive relief as well as reasonable attorneys' fees, expert expenses, and costs incurred in

Complaint for Declaratory and Injunctive Relief and Damages
Page 9 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1  bringing this action.

2  WHEREFORE, Plaintiff prays for relief as set forth below.

3

4               **VI.   SECOND CAUSE OF ACTION**
5            Title II of the Americans with Disabilities Act
           42 U.S.C. § 12132 – Reasonable Modifications

6  60.   Plaintiff incorporates by reference the foregoing paragraphs.

7  61.   Defendant discriminates against Plaintiff on the basis of disability in the full and
8  equal participation of the benefits of the services, programs, and activities of the WER Program
9  in violation of Title II of the ADA, 42 USC § 12132, and its implementing regulations at 28
10  C.F.R. Part 35.

11  62.   "A public entity shall make reasonable modifications in policies, practices, or
12  procedures when the modifications are necessary to avoid discrimination on the basis of
13  disability..." 28 C.F.R. § 35.130(b)(7).

14  63.   While Defendant has made modifications in some policies and procedures, like
15  permitting Plaintiff to check in and out of the detention center for work and education releases,
16  Defendant's modifications are not sufficient to avoid discrimination based on Plaintiff's
17  disability.

18  64.   For example, Plaintiff must travel several blocks to and from the doors of the
19  detention center to his parked car every day before and after release, a significant distance for a
20  wheelchair at the steep incline of the downtown Seattle hills.

21  65.   While other WER Program participants may make a similar trip, Plaintiff's
22  journey in a wheelchair is slower, more dangerous, and more labor intensive, forcing him to
23  make several stops along the way to catch his breath.

Complaint for Declaratory and Injunctive Relief and Damages
Page 10 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

66. Defendant's violations of Title II include, but are not limited to, failing to make sufficient reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, as required in 42 U.S.C. § 12132, and its implementing regulation at 28 C.F.R. § 35.130.

WHEREFORE, Plaintiff prays for relief as set forth below.

## VII.   THIRD CAUSE OF ACTION
Title II of the Americans with Disabilities Act
42 U.S.C. §§12132– Equal Opportunity

67. Plaintiff incorporates by reference the foregoing paragraphs.

68. A public entity may not afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others.  28 C.F.R. § 35.130(b)(1)(ii)

69. Due to Defendant's refusal to accommodate Plaintiff in the WER Program facilities, Plaintiff cannot sufficiently participate the services, facilities, privileges, advantages, or accommodations of the WER Program on an equal basis with other WER Program participants, and thus Plaintiff endures additional hardships other WER Program participants do not.

70. Hardships Plaintiff endures include segregation from the other WER participants, confinement to the more restrictive and crowded jail during nights and weekends, increased difficulty and danger during travel to and from his car each day, decreased access to school study materials, and a greater deprivation of freedoms than others with identical sentences.

71. Thus, Defendant violates 42 USC § 12132, and its implementing regulation at 28

Complaint for Declaratory and Injunctive Relief and Damages
**Page 11 of 18**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

C.F.R. § 35.130(b)(1)(ii).

WHEREFORE, Plaintiff prays for relief as set forth below.

### VIII.   FOURTH CAUSE OF ACTION
Title II of the Americans with Disabilities Act
42 U.S.C. §§12132 – Methods of Administration

72. Plaintiff incorporates by reference the foregoing paragraphs.

73. Public entities may not utilize criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability. 28 C.F.R. § 35.130(b)(3).

74. Due to Plaintiff's need for a wheelchair, King County has been unwilling to allow him to participate in the WER Program as other participants do.

75. King County has added the additional participation standard or criteria of "being able to walk" to WER Program qualification requirements which participants must meet before participants may access the full benefits of the WER Program.

76. Defendant discriminates against Plaintiff in utilizing standards, criteria, or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability, in violation of Title II of the ADA, 42 USC § 12132, and its implementing regulation at 28 C.F.R. § 35.130(b)(3).

WHEREFORE, Plaintiff prays for relief as set forth below.

### IX.   FIFTH CAUSE OF ACTION
Title II of the Americans with Disabilities Act
42 U.S.C. § 12134 – Inappropriate Security Classification

77. Plaintiff incorporates by reference the foregoing paragraphs.

Complaint for Declaratory and Injunctive Relief and Damages
Page 12 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

78. Public entities shall ensure that qualified inmates or detainees with disabilities shall not, because a facility is inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefits of, the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity. 28 C.F.R. § 35.152(a).

79. The ADA implementing regulations regarding "jails, detention and correctional facilities, and community correctional facilities" are contained in 28 C.F.R. § 35.152.

80. A public entity may not, based on disability, exclude an inmate in a jail, detention, or correctional setting from participation in or deny to him the benefits of the public entity's services, programs, or activities. 28 C.F.R. §35.152(b)(1).

81. Furthermore, a public entity "shall not place inmates or detainees in inappropriate security classification because no accessible beds or cells are available."

82. The WER Program facility is a substantially less restrictive housing facility than the King County Adult Detention Center.

83. Plaintiff continues to be housed in the King County Adult Detention Center, not in the WER Program facility.

84. The security measures utilized for ingress and egress at the King County Adult Detention Center are significantly more stringent than those at the WER Program facilities, including, but not limited to, extensive use of X-ray and metal detector screenings, pat downs, additional supervision when changing from jail attire to work and school attire, and correctional officer escort between detention cell and street.

85. The general security measures in place within the King County Adult Detention Center are also significantly more stringent than those at the WER Program facilities, including a prohibition on many items permitted at the WER Program facility for work and school use like

Complaint for Declaratory and Injunctive Relief and Damages
Page 13 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

study supplies and personal effects.

86. The level of security required for King County Adult Detention Center's mission and purpose mandates most or all of the security measures currently implemented at the King County Adult Detention Center.

87. In contrast, the level of security required for the WER Program's mission and purpose does not mandate the same security measures implemented at the King County Adult Detention Center to be implemented at the WER Program facility, and lesser security measures are in use at the WER Program facility.

88. Thus, King County violates the ADA by requiring Plaintiff to be housed in an inappropriate and higher level of security than that of the WER Program facilities.

WHEREFORE, Plaintiff prays for relief as set forth below.

### X. SIXTH CAUSE OF ACTION
Section 504 of the Rehabilitation Act of 1973
29 U.S.C. § 794 *et seq.*

89. Plaintiff incorporates by reference the foregoing paragraphs.

90. Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act") provides in pertinent part: "[N]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance …." 29 U.S.C. § 794(a).

91. Plaintiff is otherwise qualified to participate in the services, programs, or activities provided by and at the WER Program.

92. Defendant King County is a direct recipient of federal financial assistance

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

sufficient to invoke the coverage of Section 504 of the Rehabilitation Act and has received such federal financial assistance at all times relevant to the claims asserted in this Complaint.

93. Plaintiff, solely by reason of his disability, has been and continues to be excluded from full participation in the WER Program, denied the full benefits of the WER Program, and subjected to discrimination under Defendant's provision of benefits and services offered at the WER Program.

94. As a direct and proximate result of the aforementioned acts, Plaintiff suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate wheelchair accessibility barriers at the WER Program facilities.  These failures have denied Plaintiff the full, equal, and meaningful access to the WER Program that Section 504 requires.

95. Because Defendant's discriminatory conduct presents a real and immediate threat of current and continuing violations, declaratory and injunctive relief are appropriate remedies.

96. Further, Plaintiff is entitled to compensatory monetary damages under Section 504 of the Rehabilitation Act in situations of "deliberate indifference" by the Defendant.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001); *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002).

97. Upon information and belief, Defendant has been aware of the WER Program's accessibility issues for months, if not years, and has failed to abate the problems.

98. Pursuant to 29 U.S.C. § 794a, Plaintiff is entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays for relief as set forth below.

Complaint for Declaratory and Injunctive Relief and Damages
Page 15 of 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

## XI.   SEVENTH CAUSE OF ACTION
Washington Law Against Discrimination
Revised Code of Washington §§49.60 et seq.

99. Plaintiff incorporates by reference the foregoing paragraphs.

100. Section 49.60.030(1) of the Revised Code of Washington provides "the right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right."

101. Plaintiff is an individual with a disability within the scope of the Washington Law Against Discrimination.

102. Plaintiff is informed, believes, and thereon alleges that Defendant and its agents and employees have violated and continue to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by unlawfully denying Plaintiff full and equal access to the WER Program comparable to the access offered to WER Program participants who do not use wheelchairs.

103. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination (Revised Code of Washington § 49.60.010 *et seq.*) in that persons with mobility disabilities have been and are denied full and equal enjoyment of the advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

104. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate the WER Program facility.

105. Because Plaintiff has a clear legal right to be free from discrimination, has a well-grounded fear of immediate invasion of that right as the invasion is ongoing, and has been and continues to be actually injured as a result of Defendant's conduct as alleged herein, declaratory

Complaint for Declaratory and Injunctive Relief and Damages
**Page 16 of 18**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

and injunctive relief are appropriate remedies. *See Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

106. Pursuant to Wash. Rev. Code § 49.60.030(2), Plaintiff is entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

### XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare Defendant's conduct as alleged herein has violated and continues to violate Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, the Washington Law Against Discrimination, and the regulations promulgated under those statutes;

2. Permanently enjoin Defendant to remedy the effects of Defendant's past and ongoing violations of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Washington Law Against Discrimination, and the regulations promulgated under those statutes, by ensuring equal access to the Work and Education Release Program for qualified individuals;

3. Enter judgment in favor of Plaintiff;

4. Award Plaintiff compensatory damages as proper for intentional discrimination under Title II of the Americans with Disabilities Act;

5. Award Plaintiff reasonable attorneys' fees and costs, as provided by law; and

6. Award such additional or alternative relief as may be just, proper and equitable.

Complaint for Declaratory and Injunctive Relief and Damages
**Page 17 of 18**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

DATED THIS 6th day of March, 2019

WASHINGTON CIVIL & DISABILITY ADVOCATE
*Attorneys for Plaintiff*

/S/ CONRAD REYNOLDSON
Conrad Reynoldson
WSBA# 48187
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 876-8515
conrad@wacda.com

/S/ MICHAEL TERASAKI
Michael Terasaki
WSBA# 51923
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 971-1124
terasaki@wacda.com

Complaint for Declaratory and Injunctive Relief and Damages
**Page 18 of 18**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558